UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
ROY S. TUCILLO,

                        Plaintiff,         MEMORANDUM AND ORDER

  -against-                        CV 13-4525 (LDW) (GRB)

COUNTY OF NASSAU, *et al.*,

                        Defendants.
----------------------------------------------------X
WEXLER, District Judge

    Plaintiff Roy S. Tucillo ("Tucillo") brings this civil rights action against defendants County of Nassau (the "County"), the Nassau County Police Department ("NCPD"), and Nassau County police officers John R. Capece ("Chief Capece"), Donald Bittner ("Detective Bittner"), and Willard S. Gomes ("Officer Gomes") in their individual and official capacities (collectively, "defendants"), as well as against defendant Richard Tobin ("Tobin").[1] Tucillo asserts federal claims for false arrest, malicious prosecution, and malicious abuse of process under 42 U.S.C. § 1983, and supplemental state law claims for negligence, false arrest, and malicious prosecution. Defendants move for summary judgment under Rule 56 of the Federal Rules of Civil Procedure ("FRCP"). Plaintiff opposes the motion,

---

[1] The complaint asserts a fraud claim against Tobin. Tobin has failed to appear or defend the action, as reflected in the Clerk's "Entry of Default," Docket Entry 44. Accordingly, the Court does not address the fraud claim against Tobin.

except as to the negligence claim.

Initially, the Court dismisses the negligence claim, as Tucillo does not oppose its dismissal, and all claims against NCPD, as NCPD does not have an identity separate apart from the County and cannot sue or be sued. *See, e.g.*, *Brooks v. County of Nassau*, 54 F. Supp. 3d 254, 257 (E.D.N.Y. 2014). Accordingly, the negligence claim and all claims against NCPD are dismissed with prejudice.

For purposes of this decision, the background can be stated briefly as follows. Tucillo's claims arose from the police response to a 911 call made by Tobin following an incident between Tucillo and Tobin, who were driving separate vehicles on Northern Boulevard in Manhasset, New York on June 1, 2011, resulting in Tucillo's arrest and subsequent prosecution. Tobin's and Tucillo's accounts of the traffic incident and their respective conduct clearly conflict, each one accusing the other of "road rage." Tucillo maintains that he was arrested at the scene of the incident, not upon probable cause, but based on a cell phone call Tobin made while at the scene to Chief Capece – Tobin's personal friend and/or business acquaintance and a high-ranking superior to Officer Gomes, the arresting officer. It is not disputed that Tobin used his cell phone to call Chief Capece, who then spoke from Tobin's cell phone to Officer Gomes at the scene.

Tucillo maintains that defendants, including Officer Gomes and Detective Bittner, who also reported to the scene, failed to conduct a meaningful investigation to corroborate Tucillo's version of events, choosing instead to ignore Tucillo's version and to rely simply on Chief Capece's "vouching" for Tobin's credibility in deciding to arrest and charge Tucillo. Moreover, Tucillo maintains that one goal of his prosecution was to get him to pay for damage allegedly caused to the vehicle Tobin was driving at the time of the incident, notwithstanding whether Tucillo was responsible or not for that damage. Ultimately, the charges against Tucillo were dismissed on the second day of his criminal trial, upon the prosecutor's motion under New York Criminal Procedure Law § 170.30(1)(f) "for legal impediment based on the testimony yesterday, as well as the facts and circumstances surrounding this case." Defendants' Statement of Undisputed Facts Pursuant to Local Civil Rule 56.1, ¶ 83. The prosecutor explained that the impediment was based on a

> reevaluation of factors after the trial began concerning the credibility of the complainant [defendant Tobin, who testified the previous day] with his failure to be forthcoming about the conversation with Capece, his ownership of the vehicle and being advised to shield assets from his wife during a divorce, and an "issue as to his testimony regarding the specific location of where things occurred during the incident versus the 911 tape."

*Id.* ¶ 84.

Defendants argue, *inter alia*, that (1) probable cause existed for Tucillo's arrest, preluding his false arrest claims; (2) Tucillo is unable to establish malice, precluding his malicious prosecution claims; (3) Tucillo is unable to establish that process was used to obtain an objective other than Tucillo's prosecution and conviction, precluding his abuse of process claim; (4) the defendant police officers are entitled to qualified immunity; and (5) there is no evidence to support a claim for municipal liability pursuant to *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 692-94 (1978) (municipal liability may be imposed only when constitutional violation arises from governmental custom or policy), precluding any claim against the County (the "*Monell* claim").  Defendants further argue that Tucillo's state law claims must be dismissed because Tucillo failed to comply with New York's notice-of-claim statute by refusing to appear for an examination under New York General Municipal Law § 50-h.  Defendants concede that Tucillo properly served a "Notice of Claim" on May 23, 2014.  Defendants maintain that they served a subpoena on Tucillo, scheduling a § 50-h examination for August 15, 2013, but that Tucillo failed to appear and failed to offer an excuse for not appearing or rescheduling.  Defendants rely on correspondence between counsel, including an email from defendants' attorney to Tucillo's attorney that purports to

confirm that defendants' attorney refused Tucillo's attorney's request to "adjourn the 50-h to coincide with Mr. Tucillo's deposition."  Declaration of Michael J. Ferguson, dated April 29, 2015, Ex. EE.

In response, Tucillo argues that genuine disputes of material fact exist as whether there was probable cause, whether defendants acted with malice in initiating his prosecution, whether process was used to obtain a collateral objective, whether the individual defendants were protected by qualified immunity, and whether any constitutional violations occurred pursuant to a municipal custom or policy.  Regarding Tucillo's alleged failure to appear for the § 50-h examination, Tucillo contends that defendants gave him less than one week's notice of the examination and that Tucillo was unavailable on August 15, 2013.

Upon consideration of the parties' arguments and the supporting and opposing papers, the Court agrees with Tucillo that genuine disputes of material fact exist precluding the entry of summary judgment on Tucillo's claims against the individual defendants and the applicability of qualified immunity to them.  *See* FRCP 56(a) (party seeking summary judgment must demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law"); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  As for the

*Monell* claim, that claim will be tried separately, if necessary, after trial of the claims against the individual defendants. Accordingly, the motion is denied as to the claims against the individual defendants, and denied without prejudice to renewal as to the *Monell* claim.

As for defendants' § 50-h argument, the Court observes that " '[c]ompliance with a demand for a General Municipal Law § 50–h examination is a condition precedent to the commencement of an action against a municipal defendant, and the failure to so comply warrants dismissal of the action.' " *MB v. Islip School District*, No. 14-CV-4670 (SJF) (GRB), 2015 WL 3756875, at *14 (E.D.N.Y. June 16, 2105) (quoting *Hymowitz v. City of New York*, 122 A.D.3d 681, 682, 996 N.Y.S.2d 337, 338-39 (2d Dep't 2014)). The Court is unable to determine on the present record whether the circumstances justify dismissal of the remaining state law claims against defendants (*i.e.*, false arrest and malicious prosecution) for failure to comply with the notice-of-claim requirements. Accordingly, as to this ground**,** the motion is denied without prejudice to renewal upon further hearing, at a time to be determined by the Court.

Defendants' motion for summary judgment is granted in part and denied in part. The motion is (1) granted to the extent that the negligence claim and all claims against the NCPD are dismissed with prejudice; (2) denied without

prejudice to renewal as to the *Monell* claim against the County; (3) denied without prejudice to renewal as to the state law claims for false arrest and malicious prosecution; and (4) denied as to the remaining claims against the individual defendants. The parties are reminded that jury selection is scheduled for June 20, 2016, at 9:30 a.m. No adjournments will be granted.

SO ORDERED.

_____/s/_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
    November 25, 2015