UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ROY TUCCILLO,

                              Plaintiff,

        -against-

RICHARD TOBIN et al.,

                              Defendants.
-------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
13-CV-04525 (JMA)(SIL)

**FILED**
**CLERK**
12/18/2024 12:22 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Before the Court is Defendant Richard Tobin's motion to set aside the default judgment entered against him on June 1, 2017. (See Def.'s Mot. Set Aside Def. J., ECF No. 100; see also Def. J., ECF No. 91.) Defendant argues that he was never served and that further equitable considerations support his motion. (See Mem. Law Supp. Def.'s Mot. Vacate Def. J. ("Def. Mem."), ECF No. 100-6 at 7-14.) For the reasons stated below, Defendant's motion is DENIED.

## I.     BACKGROUND

Plaintiff Roy S. Tuccillo filed his complaint on August 12, 2013, asserting claims under 42 U.S.C. § 1983 and New York State law alleging that Defendants violated his civil rights through false arrest, malicious prosecution, abuse of process, negligence, and fraud in connection with Plaintiff's arrest following a road rage incident. (ECF No. 1 ¶¶ 1–4.)

The process server's sworn October 21, 2013, affidavit states that he personally delivered the Summons and Complaint on October 18, 2013, to a "John Doe"—who refused to provide his name but whose sex, race, age, height, weight, hair color, and head and facial hair styles are described in the affidavit—employee at Defendant's actual place of business: R&R Motor Car Inc. ("RRMCI") at 159 Glen Street in Glen Cove, New York. (ECF No. 16.) The process server's affidavit also states that he mailed a copy of the Summons and Complaint to Defendant at the same address on October 21, 2013. (Id.)

Approximately eight months later, in June 2014, a different process server personally delivered a subpoena to Defendant—at RRMCI—that required Defendant to appear for a deposition in this case. (See Brewington Decl. Ex. D, ECF No. 103-1 (providing the subpoena and affidavit of service).)

In August 2014, Defendant appeared for and testified at his deposition. (See Brewington Decl. Ex. A, ECF No. 103-1.) There, Defendant "perus[ed]" the Complaint and Summons issued to him. (Id. 62:11-63:8.) When asked if he previously viewed those documents, Defendant responded "I don't remember"—he did not deny previously seeing them. (Id.) That same month, Plaintiff requested a certificate of default against Defendant. (ECF No. 43.) The Clerk of the Court granted that request because Defendant had failed to appear or otherwise defend against the action. (ECF No. 44.)

The case proceeded to trial against the other Defendants in December 2016. At the end of the trial, then-assigned Judge Leonard D. Wexler granted judgment as a matter of law for those Defendants and dismissed all claims against them. (See Dec. 9, 2016, Minute Entry, ECF No. 86; June 29, 2017, Clerk's J., ECF No. 92); see also Tuccillo v. Cnty. of Nassau, 723 F. App'x 81, 81-83 (2d Cir. 2018) (affirming that dismissal).

In January 2017, Plaintiff requested that the Court issue a $300,000 default judgment against Defendant. (ECF No. 87.) Plaintiff's process server personally delivered a Notice of Hearing, informing Defendant of a damages hearing to be held before Judge Wexler, upon a Mr. Steven Miller at RRMCI. (Aff. of Service, ECF No. 88.) Plaintiff also mailed the Notice of Hearing to Defendant at RRMCI. (See Brewington Aff. Ex. E 2:9-14 (reflecting the representation by Plaintiff's counsel to the Court at the damages hearing that the Notice of Hearing was so mailed).) Defendant did not appear at the hearing, which proceeded as scheduled. (May 3, 2017,

2

Minute Entry, ECF No. 89.) Based on Plaintiff's testimony and evidence, Judge Wexler granted a $60,000 default judgment against Defendant (the "Judgment"). (Id.; Def. J., ECF No. 91.)

In April 2023, nearly six years after the Court granted the Judgment, Defendant filed the instant motion. (ECF No. 100.) With the motion pending, the Court issued an order staying enforcement of the Judgment and directing Plaintiff's counsel to respond to certain logistical issues. (Feb. 8, 2024, Order.) The parties later fully briefed Defendant's motion. (See Pl.'s Opp'n Def's Mot. ("Pl.'s Opp'n"), ECF No. 103; Reply Supp. Def's Mot. ("Reply"), ECF No. 104.)

## II. LEGAL STANDARD

The Court "may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c); see State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 166 n.4 (2d Cir. 2004). That Rule allows the Court to relieve a party from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud . . . , misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Generally, a motion for relief from a final judgment must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1). The contours of that timing restriction depend on the relevant provision of Rule 60(b). For example, a motion based on Rule 60(b)(1)-(3) must be made "no more than a year after the entry of the judgment or order or the date of the proceeding," Fed. R.

3

Civ. P. 60(c)(1), whereas a motion based on Rule 60(b)(4) may, "for all intents and purposes," be "'made at any time.'" SEC v. Romeril, 15 F.4th 166, 171 n.3 (2d Cir. 2021) (quoting "R" Best Produce, Inc. v. DiSapio, 540 F.3d 115, 123-24 (2d Cir. 2008)).

The movant bears the burden to satisfy Rule 60(b) because it is "a mechanism for 'extraordinary judicial relief.'" Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008) (quoting Paddington Partners v. Bouchard, 34 F.3d 1132, 1142 (2d Cir. 1994)). "A party moving for relief under Rule 60(b) generally must 'present highly convincing evidence in support of vacatur' and 'show good cause for the failure to act sooner and that no undue hardship be imposed on other parties.'" Gater Assets Ltd. v. Moldovagaz, 2 F.4th 42, 53 (2d Cir. 2021) (quoting Kotlicky v. U.S. Fid. & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987)) (alterations omitted). Any doubt as to whether to vacate the Judgment must be resolved in Defendant's favor. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993). Ultimately, "[t]he decision whether to grant a party's Rule 60(b) motion is committed to the sound discretion of the district court." Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012) (internal quotation marks omitted).

### III. DISCUSSION

Defendant asks the Court to vacate the Judgment for two reasons. First, Defendant maintains that the judgment is void under Rule 60(b)(4). (Def. Mem., ECF No. 100-6 at 7-9.) Second, Defendant entreats the Court to consider three equitable factors that—in Defendant's view—justify vacatur. (Id. at 10-14.) Both arguments are deficient.

#### A. **Defendant Fails to Demonstrate that the Judgment Is Void.**

Defendant argues that he was not served with the Summons and Complaint and therefore the Judgment must be vacated as void under Rule 60(b)(4). (Def. Mem., ECF No. 100-6 at 5-9.) To that end, Defendant's Affidavit further insists that Defendant was ignorant of this legal action

4

against him and that he was unaware of the Judgment until he received a Sherriff's Execution and Levy in January 2023. (ECF No. 100-2 ¶¶ 13-15.) Defendant's voidness arguments fall short.[1]

### 1. Standard for Voidness Under Rule 60(b)(4)

Rule 60(b)(4) allows relief from a default judgment that is "void." Fed. R. Civ. P. 60(b)(4). A "void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010). "The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." Id. "Rule 60(b)(4) applies only in two situations: 'where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.'" Romeril, 15 F.4th at 171 (quoting Espinosa, 559 U.S. at 270).

A default judgment is void when imposed against a party by a court that lacked personal jurisdiction over that party. See City of N.Y. v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 138 (2d Cir. 2011); "R" Best Produce, Inc., 540 F.3d at 123. Personal jurisdiction requires (among other things) that "the plaintiff's service of process upon the defendant" was "procedurally proper." Fuld v. PLO, 82 F.4th 74, 85 (2d Cir. 2023) (quoting Schwab Short-Term Bond Mkt. Fund v. Lloyds Banking Grp. PLC, 22 F.4th 103, 121 (2d Cir. 2021)). The bar for vacating a judgment for lack of personal jurisdiction is high. "[A] judgment may be declared void for jurisdictional defect only 'when there is a total want of jurisdiction and no arguable basis on which the court could have rested a finding that it had jurisdiction.'" Romeril, 15 F.4th at 171 (quoting Cent. Vt. Pub. Serv. Corp. v. Herbert, 341 F.3d 186, 190 (2d Cir. 2003)) (internal brackets omitted).

---

[1] Plaintiff argues that Defendant's motion is untimely. (Opp., ECF No. 100 at 6-8.) As noted above, the motion's voidness argument may "for all intents and purposes, . . . 'be made at any time.'" Romeril, 15 F.4th at 171 n.3 (quoting "R" Best Produce, Inc., 540 F.3d at 123-24). In any event, the undersigned need not decide whether the voidness argument is timely because it fails on the merits. See id. (taking this approach); Trs. of the Local 531 Pension Fund v. Am. Indus. Gases, Inc., 708 F. Supp. 2d 272, 275 (E.D.N.Y. 2010) (same). The timeliness of Defendant's other argument is addressed below. See infra Section III.B.

5

2. **Relevant Standard for Substituted Service**

An individual party to a lawsuit in federal court may be served with process in the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In New York, service upon an individual may be made (among other ways) by (1) delivering the summons to someone "of suitable age and discretion" at the person's "actual place of business" and (2) mailing, within twenty days, the summons to the person's actual place of business. N.Y. C.P.L.R. § 308(2); see, e.g., Carmichael v. Captain Hobbs Corr. Officer, 371 F. App'x 155, 156 (2d Cir. 2010); Beller & Keller v. Tyler, 120 F.3d 21, 24 (2d Cir. 1997). The person of suitable age and discretion personally served at the defendant's actual place of business need not be an employee of the business or otherwise be authorized to accept service on the defendant's behalf. Estrada v. Giovanni's Italian Pizzeria, Inc., No. 16-CV-6162, 2022 WL 255177, at *5 (S.D.N.Y. Jan. 26, 2022); Xiao Hong Wang v. Chi Kei Li, 95 N.Y.S.3d 51, 53 (App. Div. 1st Dep't 2019). Such service is "complete" ten days after proof of service is filed. C.P.L.R. § 308(2); see Beller & Keller, 120 F.3d at 24.

3. **Analysis**

"[I]n a collateral challenge to a default judgment under Rule 60(b)(4), the burden of establishing lack of personal jurisdiction is properly placed on a defendant who had notice of the original lawsuit." "R" Best Produce, Inc., 540 F.3d at 126 ("[A] defaulting defendant with notice of the action should bear the risk of non-persuasion on this issue since it will normally have greater access to relevant evidence often difficult to assemble after the passage of time."); see Burda Media, Inc. v. Viertel, 417 F.3d 292, 299 (2d Cir. 2005). Defendant had notice of this lawsuit because—approximately three years before the damages inquest and resulting Judgment—he was deposed in this case. (See Brewington Decl. Ex. A, ECF No. 103-1 (providing the 111-page transcript from Defendant's August 2014 deposition).) During that deposition, Defendant

6

"perus[ed]" the Complaint and summons issued to him. (Id. 62:11-63:8.) When asked if he previously viewed those documents, Defendant responded "I don't remember"—he did not deny previously seeing them. (Id.) Defendant therefore had notice of this action and bears the burden to establish that the Court lacked jurisdiction over him. See Burda Media, Inc., 417 F.3d at 299 (requiring the defendant to show lack of personal jurisdiction on a Rule 60(b)(4) motion because he was aware of the case two years before the entry of default judgment). As explained below, Defendant fails to surmount that hurdle.[2]

Service upon Defendant was presumptively valid. "A process server's sworn statement of service creates a presumption that service has been effectuated." De Curtis v. Ferrandina, 529 F. App'x 85, 86 (2d Cir. 2013) (citing Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 57 (2d Cir. 2002)). Here, the process server's affidavit reflects compliance with Rule 4(e)(1) via CPLR § 308(2). As noted above, the document states that (1) service of the Summons and Complaint was personally made on October 18, 2013, to a "John Doe" employee at RRMCI who refused to provide his name but whose sex, race, age, height, weight, hair color, and head and facial hair styles are described in the affidavit, and (2) the Summons and Complaint were mailed to Defendant at the same address three days later. (ECF No. 16.)

There is no question that RRMCI was Defendant's actual place of business. New York law specifies that "actual place of business" includes "any location that the defendant, through regular solicitation or advertisement, has held out as its place of business." C.P.L.R. § 308(6). Further, "New York courts have construed 'actual place of business' to include (1) a place where the defendant regularly transacts business, or (2) an establishment that the defendant owns or operates, where there is a clear identification of the work performed by her within that place of

---

[2] For the same reasons explained below, Plaintiff would meet the burden of proof even if he bore it. See RDW Cap. v. Monesi, No. 21-2066, 2022 WL 9575728, at *1 (2d Cir. Oct. 17, 2022) (requiring the plaintiff to show personal jurisdiction over a defendant subject to a default judgment where the defendant never participated in the original proceedings).

7

business." E.g., Baity v. Kralik, 51 F. Supp. 3d 414, 430 (S.D.N.Y. 2014) (internal quotation marks omitted). Defendant testified at his deposition that he is the co-owner of RRMCI. (See Brewington Decl. Ex. A, ECF No. 103-1 10:20-11:25. But see Def.'s Aff., ECF No. 100-2 ¶ 8 (asserting in connection with the instant motion that Defendant does not presently own RRMCI).) New York Secretary of State records confirm that Defendant is RRMCI's principal and chief executive officer.[3] See Corporation and Business Entity Database, N.Y. Dep't of State Div. of Corps., https://apps.dos.ny.gov/publicInquiry/#search (choose "DOS ID" from the "Search By" drop down menu, enter "1458217" in the "DOS ID" field, check the "Corporation" box, and click "Search the Database") (last visited Dec. 18, 2024). And Defendant admits he was "employed at" RRMCI at the relevant time. (Def. Mem., ECF No. 100-6 at 9.) Accordingly, RRMCI's location was Defendant's actual place of business. See Matter of CCAP Auto Lease Ltd. v. Savannah Car Care, Inc., 180 N.Y.S.3d 630, 633 (App. Div. 3rd Dep't 2022) (holding that an entity's location was the defendant's actual place of business because Department of State records listed the defendant as the entity's chief executive officer); Jimenez v. Bosie, LLC, No. 19-CV-11570, 2021 WL 2941916, at *5 (S.D.N.Y. July 12, 2021) (explaining that "[b]eing an officer or co-owner of the business" makes its location the defendant's actual place of business under C.P.L.R. § 308(2)).

Defendant raises several arguments that supposedly show the service was invalid. None persuade. To start, these arguments rely on the principle that "[a] defendant's sworn denial of receipt of service . . . rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing." (Def. Mem., ECF No. 100-6 at 8 (quoting Old Republic Ins. Co., 301 F.3d at 57).) Defendant ignores that "no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits."

---

[3] The Court may properly take judicial notice of public records. See Lewis v. M&T Bank, No. 21-CV-933, 2022 WL 775758, at *2 n.4 (2d Cir. Mar. 15, 2022) ("We regularly take judicial notice of agency documents on official websites."); O'Hara v. Cohen-Sanchez, No. 22-CV-6209, 2023 WL 5979176, at *7 (E.D.N.Y. Aug. 28, 2023) (referencing the Nevada Secretary of State's website to confirm a registered agent for service).

Old Republic Ins. Co., 301 F.3d at 58 (internal quotation marks omitted).  Further, "courts may discredit such denials of service when there is 'ample evidence from which [to] conclude that [the defendant's] statements lacked credibility.'" De Curtis, 529 F. App'x at 86 (quoting Old Republic Ins. Co., 301 F.3d at 58).  Based on the two latter principles and the analysis below, the Court concludes that no hearing is necessary here.

First, Defendant contends that he "does not recognize the name 'John Doe.'"  (Def. Mem., ECF No. 100-6 at 9.)  This argument is frivolous.  The John Doe name is regularly assigned to an individual who declines to provide a name, and courts routinely uphold service on an unnamed individual of suitable age and discretion at the actual place of business (or dwelling) of the person to be served.  See Nevelskiy v. Advanced Pro. Grp., Inc., __ F. Supp. 3d __, No. 23-CV-2364, 2024 WL 2745190, at *7-8 (E.D.N.Y. May 29, 2024) (deeming service made on a "John Doe" coworker at the defendant's actual place of business effective under C.P.L.R. § 308(2)); Sperry Assocs. Fed. Credit Union v. Lee, 148 N.Y.S.3d 169, 171 (App. Div. 2nd Dep't 2021) (similar); Ocwen Loan Servicing, LLC v. Ali, 119 N.Y.S.3d 474, 476 (App. Div. 1st Dep't 2020) (deeming service made on an unnamed "female tenant" effective under via C.P.L.R. § 308(2)); see also Wells Fargo Bank, N.A. v. Javier, 116 N.Y.S.3d 257, 258 (App. Div. 1st Dep't 2020) (holding that incorrectly naming the person served via C.P.L.R. § 308(2) in the affidavit of service does not "refute proper service").

Second, Defendant asserts that he "does not recognize any co-worker . . . that fits the description of the 'John Doe' in the Affidavit of Service."  (Def. Mem., ECF No. 100-6 at 9.)  Defendant's inability to presently recall—nearly a decade later—a colleague fitting the description provided by the process server does not undermine the process server's sworn contemporaneous statement that he served such a person at RRMCI on October 18, 2013.  Indeed, the Court may "credit[ the] contemporaneous account of service" and "discount[] as self-serving and unreliable

9

[Defendant]'s bald assertions based on memories of circumstances existing [nearly ten] years ago." Old Republic Ins. Co., 301 F.3d at 59. Furthermore, Defendant does not "unequivocal[ly] den[y]" that a person matching the description in the affidavit of service was at RRMCI on October 18, 2013. Id. at 58 (affirming denial of and refusal to hold a hearing on a Rule 60(b) motion to vacate a default judgment because the defendant did not swear to facts contradicting service); see also United States v. Jass, 331 F. App'x 850, 855 (2d Cir. 2009) (holding that a hearing was unnecessary to determine whether an event occurred because the defendant's failure to "remember" the event was not tantamount to denying that it occurred). Moreover, a process server effectuating substituted service "need not 'independently verify the person's self-proclaimed relationship to the defendant, so long as it is reasonable to assume they are who they purport to be.'" Templos v. Luna Cuisine, Inc., __ F. Supp. 3d __, No. 21-CV-694, 2024 WL 3188964, at *3 (E.D.N.Y. June 27, 2024) (quoting Maldonado v. Arcadia Bus. Corp., No. 14-cv-4129, 2015 WL 12791329, at *2 (E.D.N.Y. Aug. 27, 2015)). The Court concludes that it was reasonable to assume that the John Doe individual—who was over fifty years old, at RRMCI, and appeared to be working there, (see ECF No. 16)—was an employee of RRMCI. At bottom, that Defendant does not presently recall a colleague fitting the John Doe's description "does not mean that the [John Doe] described in the affidavit of service was not present at [RRMCI] to accept service as a person of suitable age and discretion."[4] Roberts v. Anka, 846 N.Y.S.2d 280, 282 (App. Div. 2nd Dep't 2007); see Sperry Assocs. Fed. Credit Union, 148 N.Y.S.3d at 171 (holding that the defendants failed to rebut the presumption that the John and Jane Does identified in the affidavit of service "could have been persons present to accept service as a person of suitable age and discretion").

---

[4] Defendant does not contend that the person described in the affidavit of service is not a person of suitable age and discretion. The Court would reject that argument if Defendant had made it. "[T]he suitability of the person served depends on context, but courts routinely find service on employees and co-workers sufficient." Templos, 2024 WL 3188964, at *3 (citing Rios v. 4218 Rest. Grp. LLC, No. 18-CV-5633, 2019 WL 13223595, at *1 (E.D.N.Y. Feb. 4, 2019)).

10

Third, Defendant argues that he never "authorized" anyone at RRMCI "to accept any service of documents on his behalf." (Def. Mem., ECF No. 100-6 at 9.) Contrary to Defendant's contention, CPLR § 308(2) "does not require that the person accepting service be 'authorized' to accept service on his behalf . . . Rather, valid service pursuant to CPLR 308 (2) may be made by delivery of the summons to a person of suitable age and discretion at a defendant's actual place of business." Carpio v. Morris, 204 N.Y.S.3d 137, 140 (App. Div. 2nd Dep't 2024); see, e.g. Matter of Savitt, 75 N.Y.S.3d 39, 43 (App. Div. 1st Dep't 2018); Leung v. New York Univ., No. 08-CV-05150, 2016 WL 1084141, at *8 (S.D.N.Y. Mar. 17, 2016).

Finally, Defendant insists that he did not receive "any legal papers [from] any co-worker." (Def. Mem., ECF No. 100-6 at 9.) "[F]ailure to receive the hand-delivered copies, however, d[oes] not render . . . service insufficient" under C.P.L.R. § 308(2). Leung, 2016 WL 1084141, at *9. "Indeed, if proof of actual receipt was a requirement, the whole premise underlying substituted service would be undermined. Once the Plaintiff[] delivered a copy of the Summons and Complaint to . . . a person of 'suitable age and discretion,' [he] fulfilled [his] obligation" under the first requirement for service via C.P.L.R. § 308(2)—"regardless of what subsequently happened to those copies."[5] Leung, 2016 WL 1084141, at *9; see Logan v. World Luxury Cars, Inc., No. 15-CV-00248, 2022 WL 2466834, at *6 (E.D.N.Y. Mar. 30, 2022) (rejecting argument that individual defendants "did not receive" the summons and complaint because plaintiff effectuated service via C.P.L.R. § 308(2)), report and recommendation adopted, 2023 WL 156878 (E.D.N.Y. Jan. 11, 2023).

---

[5] Defendant does not contest that the process server complied with the second requirement for service under C.P.L.R. § 308(2), which in this case necessitated mailing the Summons and Complaint to Defendant at RRMCI. Notably, "as long as the plaintiff can show that she used the proper address, the defendant need not actually receive the summons through the mail in order for service to be effective." Corrado v. N.Y. Unified Court Sys., 163 F. Supp. 3d 1, 14 (E.D.N.Y. 2016).

11

## B.     **Defendant's Alternative Argument Fails**

As an alternative to his Rule 60(b)(4) argument, Defendant asks the Court to "consider" vacating the Judgment "under Rule 60(b)(3)" based on certain "equitable factors." (Def. Mem., ECF No. 100-6 at 10.)  Those factors are (1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice. (See id.)  Those factors typically "guide[]" review of a Rule 60(b) motion.[6]  Aquila Alpha LLC v. Ehrenberg (In re Orion HealthCorp, Inc.), 95 F.4th 98, 104 (2d Cir. 2024).  Nonetheless, this request is a nonstarter.

Defendant's motion is untimely.  Motions under Rule 60(b)(3) must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1); see Hendrickson v. United States, 791 F.3d 354, 361 n.3 (2d Cir. 2015); "R" Best Produce, Inc., 540 F.3d at 123 n.6.  "This one-year limitations period is 'absolute.'" Colucci v. Beth Israel Med. Ctr., 531 F. App'x 118, 120 (2d Cir. 2013) (quoting Warren v. Garvin, 219 F.3d 111, 114 (2d Cir. 2000)).  Defendant's motion postdates the Judgment by nearly six years.  Therefore, any reliance on Rule 60(b)(3) is untimely. See id. (affirming denial of Rule 60(b) motion as untimely under the one-year limitations period); Warren, 219 F.3d at 115 (same).

Defendant also fails to satisfy the Rule he invoked.  Rule 60(b)(3) allows relief from a judgment based on fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b)(3).  That requires Defendant to "show that the conduct complained of prevented the moving party from fully and fairly presenting his case." State St. Bank & Tr. Co., 374 F.3d at 176. "[A] Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits." Fleming v. N.Y. Univ.,

---

[6]     Defendant acknowledged that these factors are irrelevant to his primary argument concerning the validity of the Judgment. (Def. Mem., ECF No. 100-6 at 10); see City of N.Y. v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 140 n.24 (2d Cir. 2011).

865 F.2d 478, 484 (2d Cir. 1989).  Defendant, however, identifies no fraud, misrepresentation, or misconduct.  (See Def. Mem., ECF No. 100-6 at 10-14.)  As such, Defendant "cannot prevail as a matter of law on a Rule 60(b)(3) motion."  State St. Bank & Tr. Co., 374 F.3d at 176.

The Court need not consider the equitable factors Defendant relies upon.  (See Def. Mem., ECF No. 100-6 at 10-14.)  As explained above, the motion is fatally deficient under the provision of Rule 60(b) it invoked.[7]  See Henry v. Oluwole, 108 F.4th 45, 51-52 (2d Cir. 2024) (recognizing that setting aside a judgment requires satisfying Rule 60(b), whereas the equitable factors may be principally considered for setting aside "a default rather than a final default judgment"); State St. Bank & Tr. Co., 374 F.3d at 166 (explaining that the equitable factors are subject to "the provisions of Rule 60(b)" on a motion for relief from a final judgment); see also Enron Oil Corp., 10 F.3d at 96 (noting that "the concepts of finality and litigation repose are more deeply implicated" upon granting a default judgment than upon mere entry of default).

---

[7] Because Defendant bears the burden on his Rule 60(b) motion, see Gater Assets Ltd., 2 F.4th at 53; Kotlicky, 817 F.2d at 9, the Court will not consider alternative Rule 60(b) subsections that Defendant failed to raise and how they might be impacted by equitable factors.  For example, Rule 60(b)(6) is "a catch-all provision that is properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule." Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc., 970 F.3d 133, 143 (2d Cir. 2020) (internal quotation marks omitted).  In any event, Defendant's motion would fail under Rule 60(b)(6) because it makes no mention of "extraordinary circumstances." Id. at 147 (internal quotation marks omitted).  Relatedly, while they point out the Judgment's value, Defendant's submissions do not explain how the Judgment causes Defendant any hardship, let alone one that is extreme and undue.  (See Def. Mem., ECF No. 100-6 at 10; Def.'s Aff., ECF No. 100-2 ¶ 14; Reply, ECF No.104 at 13); see also Shukla v. Sharma, No. 07-CV-2972, 2014 WL 4437278, at *6 (E.D.N.Y. Sept. 9, 2014) (declining to find that a $238,803 judgment imposed an undue hardship and noting that "all money judgments constitute some form of hardship on the party required to pay the judgment").

## IV.     CONCLUSION

For the reasons stated above, the Court DENIES Defendant's motion to vacate the Judgment, and the February 8, 2024, stay of the Judgment is VACATED.

**SO ORDERED.**

Dated:  December 18, 2024
Central Islip, New York

/s/   (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE
